IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick English, #301507,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Bartel,<br><br>    Respondent. | C/A No. 1:19-209-JFA-SVH<br><br><br>**ORDER** |

Roderick English ("Petitioner" or "English"), proceeding *pro se*, filed an action pursuant to 28 U.S.C. § 2254, seeking certain habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that English's petition should be dismissed without prejudice and without requiring Respondent to file a return because Petitioner's allegations are vague and conclusory in violation of Rule 2(c) of the Rules Governing Habeas Corpus Cases. (ECF No. 11). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

without a recitation. Petitioner was advised of his right to object to the Report, which was entered on the docket on February 8, 2019. (ECF No. 11). The Magistrate Judge required Petitioner to file objections by February 22, 2019. *Id.* However, Petitioner did not file any objections. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation. (ECF No. 11). English's petition in this case is **dismissed** without prejudice and without requiring Respondent to file a return.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 6, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."